UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA        :
                                :
            v.                  :
                                :
STEPHEN AGUIAR,                 :        Case No. 2:09-cr-00090
WILLIAM MURRAY,                 :
COREY WHITCOMB,                 :
            Defendants.         :


## ORDER

Defendant Stephen Aguiar has moved for reconsideration of this Court's holding in its Memorandum and Order of January 7, 2011, ECF No. 371, that Defendants's supplemental motion to suppress cell site location data collected pursuant to hybrid pen register/trap and trace orders was moot.  Mot. to Reconsider, ECF No. 406.  In their supplemental motion to suppress, ECF No. 284, Defendants had argued that the Government was not entitled to collect this location-related information because the Court had reviewed the applications for the hybrid orders using the "specific and articulable facts" standard set forth in § 2703(d) rather than the standard of probable cause.  In its January 7, 2010 Memorandum and Order, the Court concluded that the supplemental motion to suppress cell site data was moot because the Government has represented that it does not intend to introduce this data at trial.

Mr. Aguiar now asserts that, even if the Government does not introduce the cell site data at trial, the Court must determine

whether this information was obtained legally because the Government included the data in the affidavit supporting its June 18, 2009 Title III warrant application.  He argues that, if the Court concludes that the cell site data was improperly obtained, "then the Court has an obligation to strike the references to the [data] from the June 18, 2009 Title III affidavit and review it anew to determine whether the affidavit provides sufficient information to justify the Court's order approving the [] wiretap."  Mot. to Reconsider 2, ECF No. 406; *see United States v. Awadallah*, 349 F.3d 43, 68 (2d Cir. 2003) ("While the mere inclusion of tainted evidence in an affidavit does not, by itself, taint the warrant or the evidence seized pursuant to the warrant, the court should excise the tainted evidence and determine whether the remaining, untainted evidence would provide a neutral magistrate with probable cause to issue a warrant." (internal quotation and citation omitted)).

"The standard for granting a motion to reconsider is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  In this case, Mr. Aguiar has identified matters that escaped the attention of the Court during its initial consideration of the

suppression motion and that "might reasonably be expected to alter [its] conclusion[.]" *Id*.  The motion to reconsider is therefore **granted**.

The Government, although it maintains that it properly obtained the cell site data pursuant to the hybrid orders, argues that "even without reference to cell site data, the affidavit in support of the June 18, 2009 Title III warrant application easily establishes the requisite probable cause."  Opp'n to Mot. to Reconsider 2, ECF No. 419.  The Court has reviewed the Title III application in question and agrees that, even with the potentially tainted cell site data excised, the affidavit contains information sufficient to meet the probable cause standard.

The affidavit contains 189 paragraphs and refers briefly to cell site data in three paragraphs.  *See* Aff. ¶¶ 90, 133-34, Case No. 2:09-mc-34, ECF No. 13-2.  In paragraph 90, cell site data is used to corroborate information provided by a confidential source of information who indicated that Aguiar was using Target Cell Phone #2, even though it was not registered in his name. Specifically, the confidential source told DEA agents that Aguiar had called another associate using the phone on June 8, 2009 and reported that he was having his car repaired.  The cell cite data confirmed that, at that time, the phone was being used in the vicinity of a Subaru dealership where Aguiar was known to be a

customer.  Importantly, this call was not the only piece of information in the affidavit supporting the conclusion that Aguiar was the actual user of Target Cell Phone #2.  The affidavit also indicates that Aguiar, in communications made using his myspace.com page, had provided this phone number as a way to contact him.  Moreover, the affidavit states that the phone was frequently used to call Aguiar's father and other known associates of Aguiar.

Paragraphs 133 and 134 indicate that on June 9 and 10, 2009, during a series of calls between Target Cell Phone #2 and the phone of Aguiar's suspected narcotics supplier, Daniel Reyes, cell site data revealed that the phone was being used in the vicinity of both Reyes's residence and Aguiar's residence. However, the affidavit contains other information sufficient to support the conclusion that Aguiar was using the phone to conduct business with Reyes.  For example, toll records show that on April 7, 2009 Target Cell Phone #2 was used to place a series of brief calls to Reyes's phone.  At approximately the same time as the calls were made, law enforcement officers observed Aguiar parking his car in Reyes's driveway and then driving away a few minutes later.  Aguiar was observed carrying a duffel bag as he walked from his car to Reyes's home and also when he left.

Because the Government has represented that it will not attempt to introduce the cell site data at trial, and because the

4

affidavit supporting the Title III warrant application meets the probable cause standard even with this data excised (thereby eliminating any fruit of the poisonous tree issue), the Court need not address the question of what standard the Government must meet to receive authorization for the collection of cell site data.  *See Morse v. Frederick*, 551 U.S. 393, 431 (2007) ("The 'cardinal principle of judicial restraint' is that 'if it is not necessary to decide more, it is necessary not to decide more'") (Alito, J., concurring) (quoting *PDK Labs., Inc. v. Drug Enforcement Admin.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in judgment)).  The supplemental motion to suppress the cell site data is **denied as moot**.


     Dated at Burlington, in the District of Vermont, this 16th day of March, 2011.

                              /s/ William K. Sessions III
                              William K. Sessions III
                              U.S. District Court Judge