UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA     )
                                 )
          v.               )     Case No. 2:09-cr-90
                                 )
STEPHEN AGUIAR             )

**OPINION AND ORDER**

This matter comes before the Court for review of Magistrate Judge John M. Conroy's August 12, 2016 Report and Recommendation ("R & R"), in which the magistrate judge recommends denying Defendant Stephen Aguiar's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2255, and related motions.  Mr. Aguiar is arguing for relief on the basis of ineffective assistance of counsel, and has filed an objection to the R & R.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405.  A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

This Court has reviewed Mr. Aguiar's objections, and ADOPTS

the Magistrate Judge's R & R in full.

The Motion to Vacate (Doc. 717), Motion for Leave to Conduct
Discovery (Doc. 719), Motion to Expand the Record (Doc. 720),
Motion to Supplement the Record (Doc. 728), Motion to Strike
(Doc. 746), Motion for Order Directing Government or Counsel to
Provide Defendant with Discovery Material (Doc. 714), Motion for
Appointment of Counsel (Doc. 718), and Renewed Motion for
Appointment of Counsel (Doc. 735) are DENIED.  In addition, the
Motion to Strike Agent Carter's testimony (Doc. 757) is DENIED AS
MOOT.

The Court notes that under the standard set forth in
*Strickland v. Washington*, Mr. Aguiar must show not only that
counsel's performance was "outside the wide range of
professionally competent assistance," but also that "there is a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different."
466 U.S. 668, 690, 694 (1984).  "As is obvious, *Strickland*'s
standard, although by no means insurmountable, is highly
demanding."  *Kimmelman v. Morrison*, 477 U.S. 365, 382, (1986).
Mr. Aguiar's petition fails to satisfy this demanding standard.

Having presided over the trial in this case, the Court
recalls the thorough and vigorous arguments advanced by Attorney
David Williams in his role as defense counsel.  Multiple pre-
trial hearings were held and substantial briefing was submitted

on behalf of the defense.  Attorney Williams continued his
zealous advocacy throughout the 11-day trial, and as Mr. Aguiar's
counsel on appeal.

Despite the efforts of Attorney Williams, the evidence
supporting Mr. Aguiar's conviction was overwhelming.  The trial
included testimony from multiple cooperating co-defendants,
recorded intercepts, verified controlled purchases, and hundreds
of pieces of evidence.  In affirming the conviction and sentence,
the Second Circuit referenced "the volume of evidence introduced
at trial by the government" in finding that an allegedly-
unconstitutional search was harmless.  *United States v. Aguiar*,
737 F.3d 251, 263 (2d Cir. 2013).  This same observation pertains
to Mr. Aguiar's current arguments, as even considering the
aggregate impact of any alleged errors, the sheer volume of
evidence negated any resulting prejudice.  *See Strickland*, 466
U.S. at 696 ("a verdict or conclusion only weakly supported by
the record is more likely to have been affected by errors than
one with overwhelming record support").

Moreover, Attorney Williams's performance throughout his
representation of Mr. Aguiar was well within the bounds of
professional competence, and his affidavit submitted in support
of the government's opposition to the Section 2255 petition
explains his rationale for pursuing some efforts and abandoning
others.  The magistrate judge did not err in relying on that

affidavit, *see* 28 U.S.C. § 1746 (stating that oath must comply "substantially" with the statements set forth in the statute), and the Court ADOPTS the R & R on all points.

Pursuant to Fed. R. App. P. 22(b), a certificate of appealability is DENIED because the petitioner has failed to make a substantial showing of denial of a federal right.  Furthermore, the petitioner's grounds for relief do not present issues which are debatable among jurists of reasons, which could have been resolved differently, or which deserve further proceedings.  *See e.g., Flieger v. Delo*, 16 F.3rd 878, 882-83 (8th Cir.) *cert. denied*, 513 U.S. 946 (1994); *Sawyer v. Collins*, 986 F.2d 1493, 1497 (5th cir.), *cert. denied*, 508 U.S. 933 (1993).

Furthermore, it is certified that any appeal taken *in forma pauperis* would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

DATED at Burlington, in the District of Vermont, this 23rd day of January, 2017.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge